Linda COWAN, Petitioner,

v.

OFFICE OF PERSONNEL
MANAGEMENT,
Respondent.

No. 01–3131.

United States Court of Appeals,
Federal Circuit.

DECIDED: July 11, 2001.

Before MAYER, Chief Judge, RADER, and LINN, Circuit Judges.

PER CURIAM.

Linda A. Cowan petitions for review of the May 30, 2000, decision of the Merit Systems Protection Board (Board), 87 M.S.P.R. 527, No. NY–831E–00–0085–I–1, affirming the Office of Personnel Management's (OPM's) denial of Ms. Cowan's application for disability retirement. Because Ms. Cowan has not shown error in the Board's decision, this court *affirms*.

I.

The Internal Revenue Service (Agency) employed Ms. Cowan as a Taxpayer Service Representative in Buffalo, New York. She received at least seven performance awards between 1994 and 1996. In September 1996, Ms. Cowan was assigned a new supervisor. In October 1996, she had a disagreement with her supervisor. Ms. Cowan's working relationship with her supervisor deteriorated. Ms. Cowan ceased attending work on January 6, 1997. Later that year, Ms. Cowan declined the Agency's offer of an equivalent position in a different location within her commuting area. The agency removed Ms. Cowan from her position in March 2000 because she was "unavailable for work."

On April 30, 1998, Ms. Cowan filed an application for disability retirement, claiming that the mental stress and anguish of

working with her supervisor rendered her unable to provide useful and efficient service. In support of her application, Ms. Cowan submitted the medical report of Dr. Richard Wolin. Dr. Wolin opined that Ms. Cowan's mental condition included "an anxiety disorder with panic, generalized and post-traumatic components related to the work environment." Dr. Wolin also testified that as of February 11, 1997, he was of the opinion that Ms. Cowan could return to work under a different supervisor. At her hearing before OPM, however, Ms. Cowan admitted that she was able to perform the essential duties of her position up until her last day of work.

OPM denied Ms. Cowan's application based on a lack of evidence that her disability was severe enough to prevent her from performing the essential duties of her job. In particular, OPM found the evidence showed only infrequent medical visits, only limited evidence of treatment by medication, no progress notes, no laboratory studies, and no psychological testing. On reconsideration, OPM affirmed its initial determination. Ms. Cowan appealed to the Board. On May 30, 2000, the administrative judge affirmed OPM's decision. The full Board denied Ms. Cowan's petition for review.

## II.

■ This court cannot review the factual underpinnings of OPM disability determinations. *Lindahl v. OPM*, 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985). This court may only review such determinations to determine whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative process.'" *Id.* (quoting *Scroggins v. United States*, 184 Ct.Cl. 530, 397 F.2d 295, 297 (1968)).

On appeal, Ms. Cowan asserts that neither the Board nor OPM took her physician's statements into account. In other words, Ms. Cowan argues that neither the Board nor OPM gave proper weight to her medical evidence. As noted above, this court is not authorized to consider this argument because it squarely questions the "factual underpinnings" of the disability determination.

■ Ms. Cowan also asserts that the Agency did not accommodate her "after being responsible" for her condition. The record, however, indicates Ms. Cowan was offered an equivalent position at another location that she declined. Furthermore, because Ms. Cowan did not prove that her condition was disabling and prohibited her from performing useful and efficient service, the Agency was under no obligation to offer her any accommodation.

Thus, the record discloses no error in the Board's determination.