NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3278

LINDA A. COWAN,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

———————————————

DECIDED:  December 12, 2005

———————————————

Before MAYER, RADER, and LINN, <u>Circuit Judges</u>.

RADER, <u>Circuit Judge</u>.

The Merit Systems Protection Board (Board) dismissed Ms. Linda Cowan's appeal as untimely filed.  <u>See</u> <u>Cowan v. Dep't of Treasury</u>, NY-0752-00-0171-I-2 (M.S.P.B. Sept. 13, 2004) (<u>Board Decision</u>).  Because Ms. Cowan has not proven the timeliness of her appeal per 5 C.F.R. § 1201.56(a)(2)(ii), this court <u>affirms</u>.

## BACKGROUND

This is the second time Ms. Cowan has come before this court to review the circumstances surrounding her former employment with the Internal Revenue Service (IRS).  <u>See</u> <u>Cowan v. Office of Pers. Mgmt.</u>, 15 Fed.Appx. 802 (Fed. Cir. 2001) (<u>Cowan I</u>).  As discussed in <u>Cowan I</u>, Ms. Cowan alleges the IRS created a hostile work environment when a new supervisor entered her department in September 1996.  <u>Id.</u> at

802-03. Cowan I involved Ms. Cowan's challenge to an Office of Personnel Management (OPM) decision denying her application for disability retirement benefits. Id. The present appeal, in contrast, involves Ms. Cowan's challenge to the removal action itself. Board Decision, slip op. at 1. While the two appeals technically involve separate actions, this appeal is inextricably tied to the proceedings surrounding Cowan I.

Ms. Cowan was removed from her position with the IRS in March 2000 because she was unavailable for work. Cowan I, 15 Fed. Appx. at 802. On April 30, 1998, Ms. Cowan filed an application for disability retirement benefits, claiming mental stress and anguish prevented her from working. Id. at 802-03. On March 20, 2000, Ms. Cowan filed an appeal with the Board that challenged the removal action. Board Decision, slip op. at 2. While these two actions were technically separate, the parties ultimately agreed to dismiss the removal action without prejudice. This agreement allowed the disability retirement benefits action to proceed first. Cowan v. Dep't of Treasury, NY-0752-00-171-I-1, slip op. at 2 (M.S.P.B. May 4, 2000) (Dismissal Decision). The parties agreed to dismiss the removal action because the final decision in the disability retirement benefits action would likely impact the removal action as well. Id. The Board thus dismissed Ms. Cowan's removal action without prejudice, and informed Ms. Cowan that "if [she] elects to refile her appeal, she must do so no sooner than September 8, 2000 and no later than September 25, 2000." Id. (citation omitted). Ms. Cowan, however, did not refile her appeal until May 18, 2004, long after the September 25, 2000 deadline had lapsed. Board Decision, slip op. at 1.

The Board reassigned Ms. Cowan's appeal in the present case to the same administrative judge that dismissed her March 2000 appeal without prejudice. Id., slip op. at 2. Because Ms. Cowan refiled her appeal years after the September 25, 2000 deadline had lapsed, the administrative judge dismissed the claim as untimely. Id. (citing 5 C.F.R. § 1201.56(a)(2)(ii)). Ms. Cowan responded with two justifications for the delay: (1) she was unaware of the separate appeals until related litigation in the United States District Court for the Western District of New York (district court litigation) was dismissed for failure to exhaust administrative remedies; and (2) she suffered from a mental impairment due to the hostile work environment at the IRS. Id., slip op. at 3-4. The administrative judge found neither justification supported waiver of the filing deadline. Id., slip op. at 5. The full Board denied Ms. Cowan's petition for reconsideration.

DISCUSSION

This court affirms a decision of the Board unless it is arbitrary, capricious, an abuse of discretion, not in accordance with the law, or unsupported by substantial evidence. See 5 U.S.C. § 7703(c) (2000); Marino v. Office of Pers. Mgmt., 243 F.3d 1375 (Fed. Cir. 2001).

To prevail, Ms. Cowan must show entitlement to a waiver of the September 25, 2000 deadline. For a waiver, in turn, Ms. Cowan must show an excuse for the three-and-a-half-year delay and due diligence in attempting to meet the September 2000 deadline. See Phillips v. U.S. Postal Serv., 695 F.2d 1389, 1391 (Fed. Cir. 1982). The record demonstrates that Ms. Cowan did not meet this burden.

First, the administrative judge properly informed Ms. Cowan of the September 2000 deadline in a May 3, 2000 telephone conference and the <u>Dismissal Decision</u>. <u>Board Decision</u>, slip op. at 2. Thus, the Board properly rejected Ms. Cowan's argument that she first learned of the second appeal from the district court proceedings. Furthermore, Ms. Cowan presented insufficient evidence about her medical condition in September 2000 when the appeal was due. Thus, Ms. Cowan has not explained that her purported illness prevented her from meeting the September 20, 2000 deadline. With no reasonable explanation for the delay, the Board did not abuse its discretion in dismissing Ms. Cowan's appeal as untimely.

For the aforementioned reasons, the decision of the Board is affirmed.