NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3278

LINDA A. COWAN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Linda A. Cowan, of Buffalo, New York, pro se.

Russell A. Shultis, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeanne E. Davidson, Director, and Bryant G. Snee, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This opinion is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3278

LINDA A. COWAN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in NY831E080006-I-1.

_____

DECIDED: May 21, 2009

_____

Before RADER, FRIEDMAN, and BRYSON, Circuit Judges.

PER CURIAM.

Petitioner Linda A. Cowan ("Ms. Cowan") appeals the June 5, 2008, final order of the Merit Systems Protection Board ("MSPB" or "Board") denying her petition for reconsideration of the Board's December 27, 2007, initial decision. The administrative judge dismissed Ms. Cowan's appeal from the Office of Personnel Management ("OPM") for lack of jurisdiction due to res judicata. Because the Board correctly concluded that res judicata barred it from considering this case and that no new, previously unavailable evidence was presented, this court affirms.

I.

This is Ms. Cowan's third appeal from the MSPB to this court regarding her employment with the Internal Revenue Service ("IRS"). See Cowan v. Merit Sys. Prot. Bd., 157 Fed. Appx. 314 (Fed. Cir. 2005) (dismissing untimely appeal challenging Ms. Cowan's dismissal from the IRS) ("Cowan II"); Cowan v. Office of Pers. Mgmt., 15 Fed. Appx. 802 (Fed. Cir. 2001) (affirming OPM's denial of Ms. Cowan's application for disability retirement benefits under the Civil Service Retirement System ("CSRS")) ("Cowan I").

Ms. Cowan also unsuccessfully pursued two Title VII actions in federal district court. See Cowan v. Bush, No. 07-CV-136S, 2007 WL 965340 (W.D.N.Y. March 30, 2007) (dismissing Ms. Cowan's pro se action against the President of the United States under the "No Fear Act" of 2002 alleging that the presiding judge "illegally dumped" (i.e., dismissed) her prior employment discrimination case against the IRS and that the President should be "made aware" of this and "held accountable"); Cowan v. O'Neill, No. 00-CV-315S, 2005 WL 1770873 (W.D.N.Y. July 27, 2005) (denying Ms. Cowan's motions to reopen her case alleging sexual harassment in violation of Title VII of the Civil Rights Act of 1964 and to recuse the presiding judge from the case).

Ms. Cowan was employed by the IRS as a Taxpayer Service Representative in Buffalo, New York. During her service for the IRS, Ms. Cowan received several performance awards. In October 1996, Ms. Cowan had a disagreement with her new supervisor regarding a proposed reorganization of the office. From that time, her relationship with her supervisor deteriorated to the point where she ceased attending work on or about January 6, 1997. In March 2000, the IRS removed Ms. Cowan from federal service due to her inability to maintain her position.

On April 30, 1998, Ms. Cowan filed an application for disability retirement benefits under the CSRS with OPM, claiming that she was unable to perform her duties due to mental stress and anguish caused by her supervisor. In its initial decision, OPM denied Ms. Cowan's claim on September 21, 1998, for failure to present medical evidence supporting her claim. On December 1, 1999, OPM issued its final decision denying Ms. Cowan's request for reconsideration of OPM's initial decision when no new evidence was presented to support her claim. Ms. Cowan appealed OPM's final decision to the Board.

The Board affirmed OPM on May 30, 2000, with an initial decision finding Ms. Cowan failed to show that she was entitled to disability retirement benefits. In its decision, the Board considered Ms. Cowan's argument that she was not offered another position despite her repeated requests. The Board found that Ms. Cowan declined the IRS's offer of reassignment to the nearby Appletree Mall location and that the record evidence did not support Ms. Cowan's assertion that her condition would worsen if she returned to work under her current supervisor. The Board also considered Ms. Cowan's criticism of OPM's medical consultant, Dr. Bradley, because he did not confer with her and was not cross-examined. It found that regardless of the weight given to Dr. Bradley's evaluation, Ms. Cowan failed to carry her burden of establishing a disability. On December 1, 2000, the full Board issued its final order denying Ms. Cowan's petition for reconsideration. This court affirmed the full Board in Cowan I.

On October 1, 2007, Ms. Cowan filed a second appeal to the MSPB regarding OPM's denial of her request for retirement disability benefits. On October 9, 2007, the Board issued a Show Cause Order directing Ms. Cowan to produce a new OPM final

decision over which it had jurisdiction to consider her appeal. After Ms. Cowan failed to produce such a decision, the Board issued an initial decision on December 27, 2007, dismissing the appeal under res judicata based on the Board's December 4, 2000, final order and this court's affirmance in Cowan I. On June 5, 2008, the full Board issued a final order that affirmed its initial decision.

Ms. Cowan now appeals the full Board's June 5, 2008, final decision.

II.

This court may set aside a decision of the Board only when it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7003(c). Further, res judicata applies where: "(1) the prior decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." Carson v. Dep't of Energy, 398 F.3d 1369, 1375 (Fed. Cir. 2005) (citation omitted).

Ms. Cowan argues: (1) that the IRS refused to transfer her to a suitable position in the Buffalo District Office, even though three positions were available there; and (2) that the Board failed to properly consider her psychiatrist's, Dr. Wolin's, evaluation of her and that she was never seen by an IRS physician. As discussed, these issues were considered on the merits and finally decided by the full Board on December 1, 2000, and June 5, 2008, and affirmed by this court in Cowan I.

Ms. Cowan submits with her informal brief a one page letter from Dr. Wolin, dated June 6, 2008, that describes his evaluation of her condition. The letter reiterates

Dr. Wolin's description of Ms. Cowan's condition that he provided the Board and that the Board already considered. As such, this court cannot review the factual underpinnings of OPM disability determinations. Lindahl v. OPM, 470 U.S. 768, 791 (1985). This court may only review such determinations for whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative process.'" Id. (quoting Scroggins v. United States, 397 F.2d 295, 297 (1968)).

Accordingly, because Ms. Cowan presents the same causes of action that were finally decided on the merits by the Board and this court involving the same parties, this court finds the Board did not err by dismissing this case on the grounds of res judicata.

CONCLUSION

The final decision of the Merit Systems Protection Board is

AFFIRMED.